FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 JAN -4  P 2: 21

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BERNARD GREEN,

    Plaintiff,

vs.

BILLY TOMPKINS; JAMES E.
DONALD; BILLY O. BROWN,
and DERRICK SCHOFIELD,

    Defendants.

CIVIL ACTION NO.: CV606-004

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Smith State Prison in Glennville, Georgia, filed a 42 U.S.C. § 1983 action alleging that Defendants Billy Tompkins, James Donald, Billy Brown, and Derrick Schofield ("Defendants") violated his constitutional rights. On November 7, 2006, Defendants filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendants had filed a Motion for Summary Judgment and that a response must be filed by November 30, 2006. (Doc. No. 22.) That Notice further advised Plaintiff that:

1.     If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2.     If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

AO 72A
(Rev. 8/82)

>    3.    If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response to Defendants' Motion for Summary Judgment.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendant Brown told him that he could not keep in his cell all of the legal materials he needed to file a petition for writ of habeas corpus in federal court. Plaintiff asserts that Defendant Brown told him that he could only keep four (4) volumes and would have to mail the rest of the materials elsewhere. Plaintiff also asserts that he informed Defendant Brown he needed to have access to all of his legal materials. Plaintiff further asserts that he filed a grievance on this matter, which Defendant Brown, as the Deputy Warden, denied. Plaintiff asserts that Defendant Tompkins, the Warden, Defendant Donald, the Commissioner for the Georgia Department of Corrections, and Defendant Schofield, the Director for the Office of Investigations and Compliance, condoned violations of the grievance procedures and Plaintiff's right to access the courts.

Defendants aver that Defendants Tompkins and Brown agreed that allowing Plaintiff to retain all of the transcripts in his cell would result in Plaintiff having excess legal materials or personal property beyond that allowed by the Department of Corrections' rules. Defendants state that Plaintiff was allowed to keep four (4) volumes of his transcripts at a time and that he could mail the remaining volumes outside of the prison or have them picked up during visitation. Defendants contend that Plaintiff's excess legal material remained undisturbed in the property room until it was returned to Plaintiff in October 2006. Defendants assert that Plaintiff's access to courts claim cannot stand and

that Defendants Tompkins, Donald, and Schofield cannot be held liable based on respondeat superior principles.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the

3

nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Defendants are Entitled to Summary Judgment on Plaintiff's Access to Courts Claim.**

Defendants contend that Plaintiff was not allowed to keep all of the transcripts his lawyer sent him simply because the materials would not fit into his locker box and allowing him to keep this material would have been violative of the Department of Corrections' rules. Defendants also contend that Plaintiff was advised that he could swap out volumes as necessary, but the evidence reveals that Plaintiff made no attempt to do so; according to Defendants, the eight (8) remaining volumes remained undisturbed in the prison's property room until they were returned to Plaintiff in October 2006. Defendants assert that Plaintiff had substantially less personal property in his locker box in October 2006 than he did when the excess volumes were placed in the prison's property room, and, as a result, all of the transcripts fit into Plaintiff's locker box. Defendants allege that Plaintiff failed to establish that his habeas corpus action was not frivolous or that Defendants' actions prevented his success in that action.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed. 2d 413

4

(2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495, 52 L. Ed. 2d 72 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822, 97 S. Ct. at 1495. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 355, 116 S. Ct. 2174, 2182, 135 L. Ed. 2d 606 (1996). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87.

Defendants submitted a Statement of Material Facts, affidavits, copies of applicable Standard Operating Procedures, and the transcript of Plaintiff's deposition. A review of these documents reveals that Defendants did not permit Plaintiff to possess all of his legal materials at one time because to allow this would result in a violation of Standard Operating Procedure IIA14-0001. This Procedure states that all inmates are to be allowed meaningful access to the courts for "criminal appeals, habeas, sentencing issues, and conditions of confinement cases." (Defs.' Ex. F, Standard Operating Procedure IIA14-0001, § I.) This Procedure also states that an inmate "may possess legal materials in [his]

5

living areas . . . to the extent said materials do not, in combination with other personal property, create a fire, sanitation, security or housekeeping problem. This . . . does not in any way allow the keeping of additional personal property beyond that allowed under Department rules." (Id. at § VI(G), ¶ 1.) Defendants deny that they disallowed Plaintiff access to the courts. (Defs.' Exs. A-E.)

In contrast, Plaintiff has submitted nothing to establish the existence of a genuine issue of material fact as to whether Defendants denied him access to the courts. In addition, Plaintiff has submitted no evidence that, even if Defendants' actions denied him access to the courts, he sustained an actual injury in the pursuit of a non-frivolous claim.

## II. Defendants Donald, Schofield, and Tompkins are Entitled to Summary Judgment Based on Respondeat Superior Principles.

Defendants assert that Plaintiff alleges nothing more than that Defendants Tompkins, Donald, and Schofield occupied a supervisory role at the prison or with the Department of Corrections. Defendants contend that Plaintiff offers no evidence of their personal knowledge of or participation in any alleged constitutional violations. Defendants also contend that Defendants Donald and Schofield merely require the Standard Operating Procedures to be followed, neither of them reviewed Plaintiff's appeal or were notified that the appeal required their attention, and that neither of them were aware of Plaintiff's complaints prior to this lawsuit.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the

supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

The evidence Defendants submitted in support of their Motion indicates that Plaintiff seeks to hold Defendants Tompkins, Donald, and Schofield liable based solely on their supervisory positions. (See e.g., Defs.' Ex. O, pp. 26-31; Defs.' Exs. B, D-E.) Plaintiff submits nothing to refute this or which would create a genuine issue of material fact.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' unopposed Motion for Summary Judgment (Doc. No. 19) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)